### LAMBERT *v.* SHEALEY.

1. Where upon interlocutory hearing the court grants an injunction and imposes the condition that in order to make the same effective the plaintiff shall give a bond in a stated sum, obligating himself to pay the defendant damages in the event a jury upon the trial should determine the issues in favor of the defendant, such a judgment may be brought to this court for review on direct bill of exceptions. Civil Code, §§ 5502, 6153.

2. The undisputed evidence showing that the plaintiff, who sought injunction to prevent interference by the defendant with the cutting and removing of timber from a certain lot of land, had no title to the timber upon two fifths of the lot covered by a lease from a former owner of a part of the lot, the court erred in granting an injunction which allowed the plaintiff to go upon all parts of the lot and cut and remove timber without interference by the defendant.

> No. 845. NOVEMBER 15, 1918.

Injunction. Before Judge Harrell. Grady superior court. January 31, 1918.

D. W. Shealey brought his petition against J. B. Lambert, seeking injunctive relief, and alleging, that W. H. Harrell, on August 15, 1917, executed to him a lease of timber on lot No. 10, in the 16th district of Grady county; that a short time subsequently to the execution of the lease Harrell executed a deed to Lambert, the defendant, conveying lot No. 10, upon which the timber claimed by petitioner was located; that, while the lease to the timber was not recorded, at the time of the execution of the deed Lambert was informed of the existence and contents of the lease; and that Lam-

34

bert and his agents refuse to allow petitioner to exercise his right of ownership of the timber, or to cut and remove same from the land. The defendant in his answer alleged, that he and W. R. Lambert owned lot No. 10; the southern three fifths of it they bought from Harrell, the remainder of it they bought from Ruth Jones; and that defendant was the owner of an undivided half interest in the part purchased from Harrell and the part purchased from Ruth Jones. On the hearing the court granted an interlocutory injunction, but provided in the order that plaintiff should give bond to respond in damages to the defendant in the event the issues involved upon the trial of the case should be determined in favor of the defendant. The defendant excepted.

*M. E. O'Neal* and *T. S. Hawes,* for plaintiff in error.

*Hartsfield & Conger,* contra.

Beck, P. J. (After stating the foregoing facts.)

1. No elaboration of the ruling made in headnote one is necessary. The motion to dismiss, based on the ground that the judgment was not of such a character that a direct bill of exceptions would lie to the same, is without merit.

2. Evidence was introduced by the plaintiff which authorized the court to find that at the time Harrell executed the deed of conveyance to J. B. Lambert, the defendant, and to W. R. Lambert, of the southern three fifths of the lot of land in controversy, the defendant knew that the timber lease of lot No. 10, executed by Harrell, was in existence. A witness testified that Harrell was authorized to convey the timber on the part of lot No. 10 belonging to Ruth Jones, who was a sister of Harrell; but it is not claimed that she had executed a power of attorney authorizing Harrell to execute such a lease. The defendant and W. R. Lambert held the northern two fifths of the lot of land under a conveyance from Ruth Jones, and did not hold or claim under a conveyance from Harrell; nor was any evidence introduced tending to show that title to the northern two fifths was in Harrell at the time he executed a deed to J. B. and W. R. Lambert. Under this evidence it was error for the court to grant the injunction, which allowed the plaintiff, upon his executing the bond referred to, to go upon all parts of lot No. 10 to cut and remove timber, and restrained the defendant from interfering with him. Harrell had no title to the northern two fifths of the lot, and could convey no

timber interest in that part of the lot, and the plaintiff derived no title under his lease to the timber standing thereon. Duly executed power from Ruth Jones to W. H. Harrell, authorizing the latter to convey the timber interest, was a prerequisite to a conveyance by Harrell of such interest. Consequently the judgment granting an injunction must be reversed.

*Judgment reversed. All the Justices concur.*